**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LBUBS 2004-C6 STOCKDALE OFFICE LIMITED PARTNERSHIP,<br><br>   Plaintiff,<br>   v.<br><br>TERRY MORELAND, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-00826 AWI JLT<br><br>ORDER DENYING STIPULATION TO STAY THE MATTER<br><br>(Doc. 15) |

    For months, the parties have reported that they are "close" to a settlement of this matter and a related case proceeding in state court. (Docs. 9, 13) As a result, Defendants have been granted two extensions of time to file their responsive pleadings. (Docs. 9, 14) Now before the Court, is the stipulation of the parties to stay the action. (Doc. 15) Using nearly the identical language that they have been using since the first stipulation was filed, the parties report, once again, that they are "close" to a settlement. (Doc. 15) Based thereon, they request the matter be stayed until September 12, 2012 to allow them to finalize settlement. Id. at 2. They provide little explanation why settlement has not been achieved in the months they have been working on it and provide no explanation why another month is likely to be fruitful. Id. Indeed, the only explanation for the delay is "ongoing vacation schedules." Id. For the reasons set forth below, the stipulation is **DENIED**.

    The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for

1

1  litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the
2  Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay.
3  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the
4  possible damage which may result from the granting of a stay; (2) the hardship or inequity which a
5  party may suffer in being required to go forward; and (3) the orderly course of justice measured in
6  terms of simplifying or complicating of issues, proof, and questions of law which could be expected to
7  result from a stay. Id. (citing Landis, 299 U.S. at 254-55).

8     "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S.
9  681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . .
10 will work damage to someone else," the party seeking the stay "must make out a clear case of hardship
11 or inequity." Landis, 299 U.S. at 255.  The Court's decision to grant or deny stay is discretionary.
12 Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).
13 Though the agreement of all parties weighs in favor of granting the stay, the failure to demonstrate
14 diligence toward completing the settlement efforts, the failure to document the efforts to settle this
15 matter since the filing of the action or before it was filed, the failure to explain the impediments to
16 settlement and the failure to provide any demonstration that the matter will settle if the stay is granted,
17 all weigh against granting the stay.

18     This District is overwhelmed by case filings and due to limited judicial resources, the only way
19 that it can continue to attempt to provide timely resolution of matters is by requiring the parties to
20 move their cases to fruition in a diligent manner.  This Court no longer has the luxury—and, indeed,
21 has not had it for years—to allow matters to be filed and then to languish   until the parties feel ready
22 to devote attention to them.  The parties have not felt compelled to complete the settlement with
23 impending deadlines, so the Court has no confidence they will do so without them.
24 ///
25 ///
26 ///
27 ///
28

Therefore, the Court finds that granting the stay would not further the orderly course of justice and the stipulation for the stay is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 6, 2012**                       **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE